**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

SOUTHERN MASONRY
CONSTRUCTION, LLC

    Plaintiff,

    v.                                          Case No.: 3:09-cv-245-RV-EMT

SPEEGLE CONSTRUCTION, INC.,

    Defendant.
_____/

**<u>ORDER</u>**

Pending is defendant's "Motion to Dismiss Count One: Breach of Contract," (doc. 7).[1]

**I. Background**

The following facts are taken from the complaint, and they are assumed true for purposes of this order. The defendant, Speegle Construction, Inc. ("Speegle"), served as the general contractor for construction of the Crestview Elementary School in Okaloosa County, Florida. On or about August 15, 2007, the plaintiff, Southern Masonry Construction LLC ("SMC"), submitted a bid via facsimile to perform masonry work as subcontractor on this project. The bid contained various "Terms of Payment" and "Specific Conditions" that applied to the bid. A few days later, on August 21st, Speegle informed SMC that it had been selected as the masonry subcontractor. SMC alleges in the complaint that acceptance of the bid "formed a contract between the parties." Speegle sent SMC a "Letter of Intent" stating that it (Speegle) intended to issue a subcontract for work on the project and requesting additional information from SMC.

---

[1] Although the title of the motion suggests that the defendant only seeks to dismiss the breach of contract count, the defendant states in the motion that it would be appropriate "to find all claims invalid if the breach of contract claim is dismissed," and, therefore, if dismissal is granted, all remaining claims "are also dismissible" (doc. 7 at 3 n.1).

The subcontract, however, did not contain the "Terms of Payment" and "Specific Conditions" that were part of the bid that Speegle had previously accepted. SMC submitted several proposed "amendments" to bring the subcontract agreement in line with the terms of the original accepted bid, but the amendments were apparently refused.

Nevertheless, pursuant to Speegle's directions, SMC mobilized to the jobsite and began performing work on the project. SMC provided (and Speegle accepted) work, labor, services, and material for the project. SMC purchased supplies and hired employees and subcontractors with the expectation that it would be paid by Speegle. In October 2007, Speegle informed SMC that it would not execute the amendments to the subcontract, and SMC ceased working on the project. When Speegle refused to pay for the work already performed, SMC filed this litigation alleging: (1) breach of contract; (2) work and labor done; (3) open account; (4) and quantum meruit. Speegle now moves to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.

**II. Standard of Review**

In deciding the defendant's motion, I am confined to the four corners of the complaint and must take the factual claims therein as true and view them in the light most favorable to the plaintiff. *See Erickson v. Pardus,* 551 U.S. 89, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *Bickley v. Caremark RX, Inc.,* 461 F.3d 1325, 1329 n.7 (11th Cir. 2006); *Murphy v. Federal Deposit Ins. Corp.,* 208 F.3d 959, 962 (11th Cir. 2000). The Federal Rules of Civil Procedure do not require plaintiffs to set out in detail the facts upon which they base their claims. Rule 8(a) only requires a "short and plain statement" showing that the pleader is entitled to relief. Nevertheless, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *accord Watts v. Florida Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007). "The Supreme Court's most recent formulation of the pleading specificity standard is that 'stating such a claim requires a complaint with enough factual matter

(taken as true) to suggest' the required element." *Watts, supra,* 495 F.3d at 1295 (quoting *Twombly, supra,* 550 U.S. at 556). This rule does not "impose a probability requirement at the pleading stage." *Twombly,* 550 U.S. at 556. Rather, the test for stating a claim is whether the complaint "succeeds in 'identifying facts that are suggestive enough to render [the required element] plausible.'" *Watts, supra,* 495 F.3d at 1296 (quoting *Twombly,* 550 U.S. at 556).

### III. Discussion

It is hornbook law that a contract is not formed unless there is both offer and acceptance. Speegle seeks dismissal on the grounds that the facts in the complaint contradict the notion that there was acceptance. Specifically, Speegle contends that because it issued the subcontract *after* the bid was purportedly accepted; because it required that SMC provide additional information; and because it refused to implement the various terms and conditions that SMC included in its original bid, the acceptance was at most a counteroffer or "conditional acceptance." In the absence of a true acceptance of the subcontract's conditions, Speegle argues, there was no contract.

Speegle's arguments are not entirely without merit. Certain of the allegations in the complaint do appear inconsistent with a claim of acceptance. For example, as noted, the complaint states that Speegle expressly omitted from the subcontract the "Terms of Payment" and "Specific Conditions" that were in the original bid, and it refused to execute amendments that would have re-introduced those terms. This would suggest that Speegle did not accept the bid as it was proposed. But, at the same time, SMC alleges in the complaint that there was an offer, acceptance, and agreement between the parties. This claim is supported by the fact that Speegle "directed" SMC to the jobsite to begin working on the project, and Speegle knowingly accepted the work, labor, services, and material that SMC provided. It is certainly "plausible" that both parties acted in such manner because it believed there was, in fact, a valid agreement, even if certain of the details were still in the process of being negotiated.

Viewing the factual allegations as true and in the light most favorable to the plaintiff, I find that the complaint "succeeds in 'identifying facts that are suggestive

enough to render [the required element] plausible.'" *See Watts, supra,* 495 F.3d at 1296 (quoting *Twombly,* 550 U.S. at 556).[2]

**IV. Conclusion**

As stated above, the defendant's motion to dismiss (doc. 7) must be, and is, hereby DENIED.

DONE and ORDERED this 30th day of July, 2009.

*/s/ Roger Vinson*
ROGER VINSON
Senior United States District Judge

---

[2] To the extent that evidence may tend to show there was not acceptance, the defendant may, of course, present such evidence on summary judgment or at trial.

*Case No. 3:09cv245/RV/EMT*